## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| | CASE NO. _____ |
| | **COMPLAINT FOR:** |
| DURO CORPORATION, a California corporation**,**<br>17018 Evergreen Place<br>City of Industry, California 91745 | **MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE OHIO UNIFORM TRADE SECRETS ACT, OHIO REV. CODE § 1333.01, *ET SEQ.*;** |
| Plaintiff**,** | **MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836(B);** |
| v. | |
| CANADIAN STANDARDS ASSOCIATION aka THE CSA GROUP, a Canadian corporation,<br>Easton Commons Way, Suite 125<br>Columbus, Ohio 43219 | **VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT, OHIO REV. CODE § 4165.01, *ET SEQ.*;** |
| Defendant. | **UNFAIR COMPETITION AND FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(A); AND** |
| | **BREACH OF CONTRACT_____** |

Plaintiff DURO CORPORATION ("Duro" or "Plaintiff") hereby alleges causes of action against Canadian Standards Association, also known as the CSA Group ("CSA" or "Defendant") as follows:

### THE PARTIES

1.     Plaintiff DURO CORPORATION is a corporation organized and existing under the laws of the State of California with its principal place of business located at 17018 Evergreen Place, City of Industry, California 91745.

2.     Defendant CSA is a not-for-profit corporation incorporated under the laws of Canada.

## JURISDICTION AND VENUE

3.      Jurisdiction over the parties is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between plaintiff Duro and defendant CSA and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Jurisdiction over the parties also is proper in this Court pursuant to 28 U.S.C. § 1331 because Duro brings claims based on the laws of the United States of America and because 28 U.S.C. § 1367(a) provides supplemental jurisdiction over the state-law claims brought by Duro.

5.      Jurisdiction and venue also are proper in this County and District pursuant to the mandatory forum selection provision set forth in the Product Service Agreement between Duro and CSA (the "Product Service Agreement"), a copy which is attached hereto as Exhibit 1.  The Product Service Agreement states in part: "The Ohio state or federal courts having jurisdiction, located in Cleveland, Ohio, shall have exclusive jurisdiction to hear any matter or dispute arising from this Agreement…."

## GENERAL ALLEGATIONS

6.      Plaintiff Duro distributes high-end consumer products and appliances, including its gas ranges ("Duro Ranges"), at wholesale prices to authorized distributors and other retailers throughout North America.  For example, Duro's 30-inch gas range has been ranked higher than Viking's comparable range by Consumer Reports in 2014 and has repeatedly ranked among Consumer Report's top seven ranges.

7.      Beginning in 2012 and continuing until recently, Hyxion Metal Industry ("Hyxion") manufactured Duro Ranges in Guangdong, China.

8.      CSA is a consumer product safety testing organization that tests consumer products for compliance with the Canadian and American consumer safety standards ("Safety

2

Standards"). Products that meet such safety standards receive a CSA "Certificate of Compliance" ("Certification"), which its manufacturer and distributor may use for marketing purposes.

9. CSA advertises on its website, at http://www.csagroup.org/about-csa-group/certification-marks-labels/why-you-need-certification-marks/, that its certification marks offer "peace of mind to retailers, regulators, consumers and end users the world over **by indicating that your products have been independently tested** and have met the required standards for safety & performance." (Emphasis Added).

10. On or about July 12, 2006, Duro entered into the Product Service Agreement with CSA for CSA to test and certify the Duro Ranges.

11. Pursuant to the Product Service Agreement, CSA has continued to test and certify Duro Ranges as Duro has developed new models or updated existing models. All Duro Range models tested by CSA have received CSA Certification.

12. CSA's testing requirements have, in some instances, required Duro to provide design drawings of the Duro Ranges being tested (the "Duro Design Drawings") and the testing itself generates results that are collected, recorded, and maintained by CSA (the "Duro Range Test Results"). Pursuant to the Product Service Agreement, the Duro Design Drawings and the Duro Range Test Results (collectively, the "Duro Trade Secrets") remain confidential and the property of Duro at the conclusion of the testing and certification process.

13. Duro is informed and believes that the Product Service Agreement also requires CSA to treat the Duro Trade Secrets as "Confidential Information" to be used exclusively for the purpose of testing and certifying the Duro Ranges. With no relevant exception, CSA also is forbidden from disclosing Confidential Information to third parties without first obtaining written permission from Duro. CSA never obtained such permission from Duro.

14.     Duro advertises its Duro Ranges as CSA certified.  The CSA certification is critical to the success and profitability of its business, in that the Certifications instill confidence in both the distributors of the Duro Ranges, and in the public at large, that the Duro Ranges meet all applicable consumer safety standards.  As a result, the CSA Certificates of Compliance pertaining to the various models of the Duro Ranges increase the sales of the Duro Ranges and the profits those sales generate for Duro.

15.     Duro is informed and believes that in or about October or November of 2012, Hyxion used designs it acquired for the manufacture of the Duro ranges to begin manufacturing "knock offs" of the Duro Ranges (the "Hyxion Ranges") that are virtually identical in design to the Duro Ranges, but utilize cheaper range parts.  The Hyxion Ranges have been sold under the "Hyxion" brand name to distributors and retailers in North America – including the distributors and retailers of the Duro Ranges – at wholesale prices significantly less than the Duro Ranges.

16.     Hyxion also has been manufacturing and selling the Hyxion Ranges to other companies, including Thor Group, Worldwide Business Opportunities, Aga Marvel, Aus Tex Appliance LLC, Hyxion Metal Industrial C/O Amware Logistics Services, Mountain West Real Estate, Alberta Ltd., Cosmo Products LLC, and DT Trade Company LLC for eventual resale to consumers.  Companies also sell the Hyxion Ranges under other brand names, including but not limited to "Kucht," "Greco," "Thor Kitchen" and "Veneto."  These Hyxion Ranges are likewise sold to retailers at wholesale prices that are significantly less than the wholesale prices of the Duro Ranges they copy.

17.     On information and belief, Hyxion contracted with CSA to test and certify the Hyxion Ranges, all of which now have been certified.  Hyxion has marketed and continues to market the CSA Certifications pertaining to the Hyxion Ranges.  Such certifications have increased the sales of Hyxion Ranges.

4

18.     Duro is informed and believes that CSA believed that the Hyxion Ranges were identical in design to the Duro Ranges and used the Duro Range Drawings and Test Results to certify the corresponding Hyxion Ranges instead of independently testing the Hyxion Ranges despite the differences between the ranges, such as the different parts used in the Hyxion Ranges. This fact has been confirmed by internal CSA documents provided to Duro, which reflect that the test results for the Hyxion Ranges are copied from the Duro Ranges' test results and that CSA created documents "mapping" Duro Ranges to knock-off Hyxion Ranges.

19.     CSA advertises its certification of the Hyxion Rages on its website, including at http://www.csagroup.org/services/testing-and-certification/product-listing/certificate/?257845-2711-86. Indeed the CSA refers to the Hyxion Ranges on this site as having a trade name of "Hyxion/Duro," but Duro is not a trade name for Hyxion.

20.     By engaging in the foregoing acts and omissions, CSA was able to cut corners in its certification process and, as a result, improperly benefit from the use of Duro's Trade Secrets at Duro's expense.  CSA's conduct has caused Duro to lose sales to Hyxion that would have otherwise gone to Duro.  CSA's conduct has further unjustly enriched CSA at Duro's expense.

## FIRST CAUSE OF ACTION

**(Misappropriation of Trade Secrets in Violation of the Ohio Uniform Trade Secrets Act,**

**Ohio Rev. Code § 1333.01, *et seq.*)**

21.     Duro realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

22.     At all relevant times, Duro was the owner of the Duro Trade Secrets, which are trade secrets as defined by Ohio's Uniform Trade Secrets Act, Ohio Rev. Code § 1333.61(d).

23.     Duro kept the Duro Trade Secrets confidential, including but not limited to by the terms of the Product Service Agreement, for which Duro paid valuable consideration to CSA.

24.     On information and belief, CSA misappropriated the Duro Trade Secrets by improperly using such Trade Secrets for the certification of the Hyxion Ranges.

25.     CSA acquired the Duro Trade Secrets as a result of a confidential relationship. CSA is aware, and has at all times been aware, that it is under a duty to not use or disclose the Duro Trade Secrets pursuant to the Product Service Agreement.  Yet, CSA nevertheless improperly used and disclosed the Duro Trade Secrets without Duro's authorization.

26.     CSA has been unjustly enriched by the benefits it received from its use of the Duro Trade Secrets as the basis for its certification of the Hyxion Ranges.

27.     Duro has suffered harm as a result of CSA's improper use and disclosure of the Duro Trade Secrets, including lost sales and profits, lost business opportunities, diminution of the value and goodwill of the Duro Ranges trademarks.

28.     Duro has been and is likely to continue to be injured as a result of CSA's actions, either by direct diversion of substantial sales from Duro or by a lessening of the goodwill associated with Duro and its products, for which Duro has no adequate remedy at law.  If CSA is not enjoined, it will continue to unfairly derive income, profits and/or business opportunities as a result of its acts.

29.     CSA's wrongful conduct in misappropriating and using the Duro Trade Secrets, unless and until enjoined and restrained by order of this Court, will cause great and irreparable harm to Duro.

30.     As a direct and proximate result of CSA's wrongful conduct, Duro has been damaged in an amount to be determined at trial.

31.     CSA's actions were willful, wanton, malicious and oppressive and justify an award of punitive damages and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

**(Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act**

**("DTSA"), 18 U.S.C. § 1836(b))**

32.     Duro realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

33.     At all relevant times, Duro was the owner of the Duro Trade Secrets, which are trade secrets as defined by 18 U.S.C. § 1839 (3).

34.     Duro kept the Duro Trade Secrets confidential, including but not limited to by the terms of the Product Service Agreement, for which Duro paid valuable consideration to CSA.

35.     CSA acquired the Duro Trade Secrets as a result of a confidential relationship. CSA is aware, and has at all times been aware, that it is under a duty not to use or disclose the Duro Trade Secrets pursuant to the Product Service Agreement.  Yet, CSA nevertheless improperly used and disclosed the Duro Trade Secrets without Duro's express or implied consent.

36.     CSA's violation of the DTSA is continuing each day that Hyxion utilizes the CSA Certification.

37.     CSA has been unjustly enriched by the benefits it received from its use of the Duro Trade Secrets as the basis for its certification of the Hyxion Ranges.

38.     Duro has suffered harm as a result of CSA's improper use and disclosure of the Duro Trade Secrets, including lost sales and profits, lost business opportunities, diminution of the value and goodwill of the Duro Ranges trademarks.

39.     Duro has been and is likely to continue to be injured as a result of CSA's actions, either by direct diversion of substantial sales from Duro or by a lessening of the goodwill associated with Duro and its products, for which Duro has no adequate remedy at law.  If CSA is

not enjoined, it will continue to unfairly derive income, profits and/or business opportunities as a result of its acts.

40.     CSA's wrongful conduct in misappropriating and using the Duro Trade Secrets, unless and until enjoined and restrained by order of this Court will cause great and irreparable harm to Duro.

41.     As a direct and proximate result of CSA's wrongful conduct, Duro has been damaged in an amount to be determined at trial.

42.     CSA's actions were willful, wanton, malicious and oppressive.

43.     As a result, Duro is entitled to damages, exemplary damages, injunctive relief, and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### (Violation of the Ohio Deceptive Trade Practices Act)

44.     Duro realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

45.     CSA's false and misleading representations with respect to its certification of the Hyxion Ranges constitute a violation of the Ohio Deceptive Trade Practices Act, Ohio Revised Code 4165.01 *et seq.*

46.     CSA's advertisements of its certification marks, contain false and misleading statements of fact regarding the Hyxion Ranges.  Specifically, CSA advertises its certification mark as offering "peace of mind to retailers, regulators, consumers and end users the world over by indicating that your products have been independently tested and have met the required standards for safety & performance."  CSA also advertises its certification of the Hyxion Ranges as meeting CSA's required standards for certification.

47.     CSA knew or reasonably should have known that its certifications of the Hyxion Ranges were false and misleading because CSA did not perform independent tests of such ranges, but instead relied upon the Duro Trade Secrets in issuing its certification of the Hyxion Ranges.

48.     CSA's false and misleading representations as to the Hyxion Ranges are material in that CSA's certifications concern the nature, quality or characteristic of the Duro Ranges and Hyxion Ranges are likely to influence consumers in their purchasing decisions, including diverting customers from Duro to Hyxion.

49.     CSA's false and misleading representations as to the Hyxion Ranges have actually deceived, or have the tendency to deceive, a substantial segment of CSA's target audience and Duro's existing or potential consumers.

50.     Duro has been and is likely to continue to be injured as a result of CSA's actions, either by direct diversion of substantial sales from Duro or by a lessening of the goodwill associated with Duro and its products, for which Duro has no adequate remedy at law.  If CSA is not enjoined, it will continue to unfairly derive income, profits and/or business opportunities as a result of its acts.

51.     As a result, Duro is entitled to injunctive relief, actual damages, and reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### (Unfair Competition and False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a))

52.     Duro realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

53.     CSA's false and misleading representations with respect to its certification of the Hyxion Ranges constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     CSA's advertisements of its certification marks, which are distributed in interstate commerce, contain false and misleading statements of fact regarding the Hyxion Ranges. Specifically, CSA advertises its certification mark as offering "peace of mind to retailers, regulators, consumers and end users the world over by indicating that your products have been independently tested and have met the required standards for safety & performance."  CSA also advertises its certification of the Hyxion Ranges as meeting CSA's required standards for certification.

55.     CSA knew or reasonably should have known that its certifications of the Hyxion Ranges were false and misleading because CSA did not perform independent tests of such ranges, but instead relied upon the Duro Trade Secrets in issuing its certification of the Hyxion Ranges.

56.     CSA's false and misleading representations as to the Hyxion Ranges are material in that CSA's certifications concern the nature, quality or characteristic of the Duro Ranges and Hyxion Ranges are likely to influence consumers in their purchasing decisions, including diverting customers from Duro to Hyxion.

57.     CSA's false and misleading representations as to the Hyxion Ranges have actually deceived, or have the tendency to deceive, a substantial segment of CSA's target audience and Duro's existing or potential consumers.

58.     Duro has been and is likely to continue to be injured as a result of CSA's actions, either by direct diversion of substantial sales from Duro or by a lessening of the goodwill associated with Duro and its products, for which Duro has no adequate remedy at law.  If CSA is

not enjoined, it will continue to unfairly derive income, profits and/or business opportunities as a result of its acts.

59.     As a result, Duro is entitled to injunctive relief, actual damages, and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

### (Breach of Contract)

60.     Duro realleges and incorporates by reference each an every allegation contained in the above paragraphs as if fully set forth herein.

61.     The Product Service Agreement is a valid, binding, and written contract between Duro and CSA.  Duro has performed its contractual obligations under the Product Service Agreement.

62.   By its actions, as set forth in detail above, CSA has committed multiple breaches of the Product Service Agreement by failing to use the Duro Trade Secrets exclusively for the purpose of the testing and certification of the Duro Ranges and, instead, using and disclosing such information to Hyxion in providing certification to the Hyxion Ranges without first obtaining written permission.

63.   In or about December 2016, Duro became aware that CSA breached the Product Service Agreement by using Duro Trade Secrets to certify the Hyxion Ranges and, in doing so, disclosing the Duro Trade Secrets to Hyxion.

64.   Duro notified CSA of its breach on multiple occasions, but CSA has not removed its certification from the Hyxion Ranges.

65.     As a proximate and direct result of the breach of the Product Service Agreement, Duro has suffered substantial damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1.      For damages in an amount to be proven at trial;

2.      For prejudgment interest on its damages;

3.      For punitive or exemplary damages;

4.      For restitution and disgorgement;

5.      For attorneys' fees and costs of suit; and

6.      Preliminarily and permanently enjoining CSA from disclosing or using the Duro Trade Secrets for any reasons other than those enumerated in the Product Service Agreement or without prior approval by Duro.

7.      Preliminarily and permanently enjoining CSA from allowing its certification mark on the Hyxion Ranges for which such certification was based upon the Duro Trade Secrets.

8.      For such other and further relief as the Court may deem proper.

Dated: May 30, 2017                              Respectfully Submitted,

_____*ROBERT B. CASARONA*_____
Robert B. Casarona, Esq. (0036715)
CASARONA LEGAL SERVICES, LLC
The Falls Building
57 E. Washington St.
Cleveland, Ohio 44022
440 337-9083 (main)
440 424-5390 (direct)
cas@casaronalaw.com

MAYER BROWN LLP
John Nadolenco (*pro hac* to be filed)
*jnadolenco@mayerbrown.com*
Andrew Z. Edelstein (*pro hac* to be filed)
*aedelstein@mayerbrown.com*
350 South Grand Avenue, Floor 25
Los Angeles, CA 90071-1503
Telephone:    (213) 229-9500
Facsimile:     (213) 625-0248

Attorneys for Plaintiff
DURO CORPORATION

723961027